## HOFFMAN a. VAN NOSTRAND.

*Supreme Court, First District; At Chambers, May,* 1862.

CHANGE OF ATTORNEY.—LIEN FOR COSTS.

A party in an action has no right to change his attorney without leave of the court. The court before granting this leave will consult the rights of the attorney, and will not allow the change until the just claims of the latter are discharged or secured.

Where the action was commenced and prosecuted in the name of the plaintiff, for the benefit of another person, and the attorney did not claim costs from the plaintiff, but from the real prosecutor,—*Held*, that the plaintiff could not change his attorney without satisfying the attorney's claim for costs.

Motion for a substitution of attorney.

The plaintiff, Joseph Hoffman, assignee of one Willcox, brought this action against James Van Nostrand and eight others, the surviving trustees of the Merchants' Exchange Bank, for an accounting and for the delivery of to him of forty shares of stock in the Firemen's Insurance Company. The action was referred to Hamilton W. Robinson, Esq., who reported in favor of the defendants. The plaintiff appealed. The costs of the plaintiff's attorney not having been paid, he, after notice to the parties interested, suffered the judgment to be affirmed by default. The plaintiff now applied for the substitution of another attorney. The attorney opposed the motion on the ground that his claim for services had not been paid. The plaintiff offered evidence that the attorney had no claim against him for the costs, but was to receive his compensation from another party, who was interested in the suit.

*A. H. Dana*, for the motion.—I. It is the right of the client to appoint or change his attorney at his own pleasure. (*Abbotts' Dig.*, *Attorney and Client; Dunlop Pr.*, 82; 5 *Cow.*, 446.) In chancery the client was allowed to change his solicitor, and it was held no objection that costs were not paid, nor would the court make it a condition that the costs of the original solicitor be first paid. (13 *Ves.*, 195; 3 *Edw.*, 340.)

II. This right is subject only to the equity which the attorney may have. This may be classed under two heads. 1. An attorney who has prosecuted a case has a lien upon the papers in his hands. Yet this lien is subject to the equitable control of the court, and where it shall deem just, the attorney will be compelled to produce the papers. (Barry *a.* Whitney, 3 *Sandf.*, 696.) 2. The right which accrues upon recovery of judgment. This is limited to the costs of the attorney, and it is held that he has a lien upon the judgment for his costs, yet that it will not prevail against the defendant in the judgment, unless he has had notice that the attorney claims a lien. (Power *a.* Kent, 1 *Cow.*, 172.)

III. The attorney's lien upon a judgment, whatever it may be, is only when the judgment is in favor of his client. If judgment is recovered by the other party, there is of course nothing upon which there can be a lien.

IV. This motion is made after judgment has been obtained by defendants on report of the referee, and that judgment has been confirmed by the general term on appeal. The judgment at general term was obtained by default of plaintiff's attorney, but that makes no difference in the actual condition of the case. Plaintiff's attorney refused to argue the case, or to allow other counsel to do so. The effect of this conduct is obvious; there is nothing upon which a lien can attach. Judgment has been rendered against plaintiff, and the attorney refuses to do any thing, or allow any thing to be done. The rule is, that after judgment, the attorney has no longer authority in the cases. (Lusk *a.* Hastings, 1 *Hill*, 656.)

V. The court will look carefully to the conduct of attorneys with clients; even under the Code, this supervision is exercised for the protection of the client.

VI. The state of this case is substantially this: Judgment has been rendered against plaintiff, and all his efforts to get a

new trial, or reversal of the judgment, has been prevented by the attorney. Whatever may have been his agreement as to costs, his conduct has been unconscionable, and this motion to change the attorney ought to be granted without conditions.

*James C. Carter,* opposed.

CLERKE, J.—A party in an action has no right to change his attorney without the leave of the court. (Macpherson *a.* Robinson, 1 *Dougl.,* 217; Fourt *a.* Daysell, 13 *Ves., Jr.,* 196; Mumford *a.* Murray, *Hopk.,* 369.) The court undoubtedly will grant this leave at the request of the party; but in doing so it will consult the rights of the attorney, and will not allow the change until the just claims of the latter are discharged or secured. But it is contended in the present case that the attorney undertook the management of the suit without looking to the plaintiff for his compensation, depending solely upon a proportion of the proceeds in case the plaintiff should succeed. I see no evidence of this. He did indeed promise not to seek compensation personally from Hoffman. But the action was commenced and prosecuted for the benefit of another person, who, with the consent of Hoffman, used his name. This person employed the attorney, and after Hoffman called upon him, expressing his apprehensions that he would be liable for the costs, he wrote to Hoffman, stating that he would not claim the costs personally from him.

But this is no reason why the party who is really interested, and who employed the attorney, should not pay him the costs that he has actually earned for his benefit. The attorney makes no demand personally against Hoffman, but asks the court, before another attorney should be substituted, to require as a condition of such substitution, that his costs shall be paid.

Motion granted, on the payment of the costs which have been earned by the attorney.