# SUPREME COURT.

## THE BOARD OF SUPERVISORS OF ULSTER COUNTY agt. JOHN C. BRODHEAD, and others.

The proceedings in an action must be taken and conducted in the name of the *attorney of record.* Before another attorney can act or be heard in the cause he must be regularly substituted of record so as to show his authority.

A *party* has no right to interfere with the due and orderly conduct of a suit by his attorney.

*Albany Special Term, February 25, 1873.*

THIS is an action upon the official bond of the defendant Brodhead as treasurer of Ulster county, to recover an alleged deficiency of $97,000, in the issue and sale of county bonds.

The cause was referred to D. A. Scott, Esq., of Newburgh, and having been tried before the referee he made and delivered his report, dated December 11, 1872, wherein he found and decided that no cause of action was established by the plaintiff, but that the county was indebted to Brodhead as late treasurer, in the sum of $5,100, and ordered judgment in his favor for that amount and dismissed the complaint with costs, as to the other defendants, the sureties.

On the 12th of February, 1873, the board of supervisors convened, and by resolution discharged their attorneys and counsel, Messrs. James M. Cooper & Marius Schoonmaker, and appointed Peter Cantine attorney for the board in this and all other suits and proceedings.

Mr. Cooper and Mr. Schoonmaker refused to give Mr. Cantine a consent for substitution, or to part with the papers or securities in their hands until their fees and charges were

paid, and the board not having made such payment, and without an order of substitution having been entered, now moved by Mr. Cantine, as attorney, for an order to stay the defendants from entering judgment or the referee's report upon taxing costs, until a substitution can be procured for Cantine, and thereafter until he can make a motion to set aside the referee's report, or to open the reference and give further testimony on the part of the plaintiff.

The motion is made on the referee's report, a copy of the testimony taken before him, and affidavits by Mr. Cantine and one Coykendall, Brodheads successor as treasurer, which allege in substance that in their opinion additional evidence can be produced which might make a more favorable case for the plaintiff.

At the opening of this hearing the defendant's counsel objected that Mr. Cantine could not make the motion ; that the plaintiff had regular attorneys of record in the action, Messrs. Cooper & Schoonmaker ; and that until Cantine was regularly substituted in their place he had no standing in court to move in his own name as attorney.

At the suggestion of the court, and by consent of defendant's counsel the affidavits and papers on the part of the plaintiff were read to see if there were any extraordinary circumstances in the case, such as misconduct by the attorneys, or refusal to take any proper action in the cause, to show a reason for the application by a different attorney.

No such circumstances being disclosed by the papers the court heard argument on the objection raised

P. CANTINE & N. C. MOAK, *for motion*

SAMUEL HAND, C. A. FOWLER, T. R. WESTBROOK, I. N. FIERO and A. SCHOONMAKER, *for defendants.*

The defendant's counsel cited, *Parker* agt. *City of Williamsburgh*, (13 *How.*, 250) ; *Webb* agt. *Dill*, (18 *Abb.*, 264) ;

*Read* agt. *French*, (28 *N. Y.*, 285); *Rules* 13 *and* 15 *Sup. court rules; Code, sec.* 128.

LEARNED, *J. Held.*—That the proceedings in an action must be taken by and in the name of the attorney of record; that before another attorney can act or be heard in the cause, a regular substitution must be made so that the record shows his authority, that a party has no right to interfere with the due and orderly conduct of the suit by his attorney; and therefore ordered that Mr. Cantine had no standing in court as attorney for the plaintiff, and that this motion could not be entertained.