(21 Misc. Rep. 404.)

FELT et al. v. NICHOLS.

(Supreme Court, Trial Term, New York County. October, 1897.)

1. NOTICE OF TRIAL—WHEN SUFFICIENT—SUBSTITUTION OF ATTORNEYS.
    Service of a notice of trial signed by an attorney who has not been regularly substituted for the attorney of record by order of the court, may be disregarded, and the cause stricken from the calendar, though the attorney of record assented to the substitution, and an order of substitution was entered after the motion to strike from the calendar was filed.

2. ATTORNEYS—EFFECT OF SUBSTITUTION.
    After an attorney of record has consented to a substitution, he is precluded from acting further in the cause, and a note of issue in his name is irregular.

Action by Henry S. Felt and others against Adelbert S. Nichols. Motion to strike cause from the calendar. Granted.

Ellis B. Southworth, for the motion.
Matthew Daly, opposed.

GILDERSLEEVE, J. This is a motion to strike the cause from the calendar as being improperly thereon. The facts are as follows, viz.: On November 23, 1894, the summons and complaint were served with William L. Van Derzee as attorney of record for the plaintiffs. On March 13, 1895, the plaintiffs made a general assignment to one Charles Jaudon. No order, however, was entered substituting the assignee as plaintiff herein, but the suit has proceeded with the original plaintiffs only. On July 3, 1895, issue was joined herein with said Van Derzee still an attorney of record for plaintiffs. On September 7, 1895, said Van Derzee gave to the assignee a consent in blank for the substitution of another attorney for the plaintiffs. No order of substitution, however, was entered until October 15, 1897, after the case had appeared on the calendar, and after this motion had been made. On March 15, 1896, one Matthew Daly, who appears to have been the attorney for the assignee, and who had been asked by the assignee to represent the plaintiffs in this action, in place of said Van Derzee, filed a note of issue herein. It does not appear from the papers before me whether Daly's name is given in this note of issue as plaintiffs' attorney, or whether he used the name of Van Derzee with or without the knowledge and consent of the latter. But, be that as it may, it does appear that on March 19, 1896, the said Daly served a notice of trial on defendant's attorney, in which notice Daly's name is given as that of the plaintiffs' attorney. This notice was immediately turned by defendant's attorney on the ground that said Daly had not been substituted as attorney for the plaintiffs, and had no standing in the case. No other notice of trial has been served. On October 15, 1897, the cause appeared on the calendar, and this motion was made to strike it therefrom. I am of opinion that the motion should be granted. Daly was not authorized to appear as plaintiffs' attorney in the notice of trial, as no order of substitution had been entered; and the notice of trial may be regarded as a nullity. The mere consent on the part of Van Derzee to have another attorney substituted in his place was not sufficient. Buckley v. Buckley (Sup.) 18 N. Y. Supp. 607. An order and a notice of substitution are both essential to render a change of attorneys regular. Notice alone, without an order actually obtained, is insufficient. Unless such order is obtained, and notice served upon the opposite party, the latter is not bound to recognize the person claiming to be substituted, and may disregard and return papers received from him. Miller v. Shall, 67 Barb. 446. Rule 10 of the general rules of practice provides that "an attorney may be changed by consent of the party and his attorney, or upon application of the client upon cause shown and upon such terms as shall be just, by the order of the court or of a judge thereof, and not otherwise." A party cannot change his attorney without leave of the court, or of a judge thereof. Krekeler v. Thaule, 49 How. Prac. 138; Hoffman v.

Van Nostrand, 14 Abb. Prac. 336.    Before another attorney can be heard in the case, there must be a regular substitution of record.    See Supervisors v. Brodhead, 44 How. Prac. 426.    The fact that, subsequent to the service of the notice of trial, a regular substitution was effected, does not in any manner tend to render the notice valid.    In this case, as I have above stated, the substitution did not take place until after the case had appeared on the calendar, and after this motion had been made.    With regard to the note of issue that was filed by Daly on March 15, 1896, it must also be held to be irregular, for, if it bore the name of Daly as plaintiffs' attorney, it was defective, inasmuch as no regular substitution had taken place; while, on the other hand, if the name of Van Derzee appeared as plaintiffs' attorney, it was irregular for the reason that Van Derzee had given a consent to have another attorney substituted on September 7, 1895, and was, therefore, precluded from acting subsequently in the action, notwithstanding the fact that no order had been entered on the consent. Quinn v. Lloyd, 5 Abb. Prac. (N. S.) 281.    From the facts above set forth, it follows that the motion to strike the cause from the calendar must be granted.

Motion granted.