■ JEANNE C. ROSE, Respondent, v. HAROLD W. ROSE, Appellant.— Order entered on November 7, 1962, unanimously modified to the extent of reducing the allowance of temporary alimony to $200 per week and as thus modified, the order is affirmed, without costs. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, Steuer and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. DAVID GORDON and DAVID GORDON & COMPANY, Respondents.— Order, entered on May 3, 1961, granting defendant Gordon's motion for an order modifying an injunction previously entered to the extent of allowing said defendant to engage in the business of selling securities in the State of New York, unanimously reversed, without costs, on the law and the facts, and the matter is remitted to Special Term for the purpose of conducting a hearing on the merits of the application. The affidavits presented upon this motion show no more than sufficient basis to justify further exploration by way of hearing of defendant's right to the relief sought; but the propriety of such relief cannot be determined upon affidavits alone (*People* v. *Scanlon,* 11 N Y 2d 459, 462). Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.

■ ABRAM SZULDINER, Appellant, v. CITY OF NEW YORK et al., Respondents.— Order, entered on February 20, 1962, dismissing this action for failure to prosecute, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to plaintiff-appellant, and the motion therefor denied with leave to renew. The motion in behalf of defendant Klein purports to be made by attorneys who have not been properly substituted. They have no standing to so move. (*Felt* v. *Nichols,* 21 Misc. 404.) The affidavit in behalf of defendant City of New York, which purports to be but is not a cross motion (see Civ. Prac. Act, § 117), was not properly served on the plaintiff. Further, it would appear that any future application, if made, should contain a sworn statement from Klein's attorney of record regarding the arrangement alleged to have been made with him in respect of pretrial depositions. Concur — McNally, J. P., Stevens, Eager and Steuer, JJ.

■ PARK PLACE CLEANERS, Appellant, v. MAX ESSIG et al., Defendants, and AL HERMAN et al., Respondents.— Order, entered on July 9, 1962, denying motion to strike out second and third defenses in defendants' answer unanimously affirmed, with $20 costs and disbursements to respondents. We take the statement in Special Term's opinion that the burden of proof to establish *res judicata* is on the plaintiff as meaning that upon an application to strike such a defense it was plaintiff's obligation to demonstrate that the defense was sham. Concur — Botein, P. J., Breitel, Valente, Steuer and Bastow, JJ.