■ J. BARKER HOULE, Respondent, v. LESLIE L. WILDE, Appellant.

*Per Curiam.* This is an appeal from an order granting the plaintiff's motion to open his default and allowing him to serve a complaint. The order limited the plaintiff's "cause of action to a claim that the work was not performed in a good workmanlike manner." The work complained of was completed in 1956. The action was commenced by service of a summons on September 29, 1959. A notice of appearance and demand for a complaint were served on October 15, 1959. On January 10, 1963, a complaint was served and returned as untimely. The plaintiff's attorney alleges there were settlement negotiations but these negotiations terminated not later than October 2, 1961. There was therefore a delay in serving the complaint of at least more than 15 months after the termination of any negotiations that may have been had. Both the affidavit of merit and the excuse for delay are deficient. No affidavit of merit was submitted by the plaintiff other than the affidavit of one of his attorneys. The affidavit need not be made by the party (*Sznukowski* v. *B. F. Goodrich Co.*, 18 A D 2d 861) but it must be by a person having knowledge of the facts (*Sortino* v. *Fisher*, 20 A D 2d 25; *Milligan* v. *Hycel Realty Corp.*, 20 A D 2d 527, app. dsmd. 14 N Y 2d 581). The affidavit of counsel is obviously hearsay and as such is insufficient (*Keating* v. *Smith*, 20 A D 2d 141). The excuse for delay is the loss of the file. In the light of the insufficiency of the affidavit of merit and the ease with which the file could have been constructed sufficiently to prepare and serve the brief routine complaint contained in the record, we find the excuse of the temporary loss of the file insufficient to excuse the inordinate delay. Order reversed, on the law and the facts and in the exercise of discretion, and complaint dismissed, without costs. Gibson, P. J., Herlihy, Reynolds and Hamm, JJ., concur.

■ In the Matter of the Claim of CATHERINE ANDREW, Respondent, v. CAMERON BROS. BOAT LIVERY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

*Per Curiam.* The facts respecting the "heavy and laborious work activities" found causative of decedent's fatal coronary thrombosis had to be established by proof of decedent's conversation with his wife before he left for work, as the board's brief concedes; but although some of the tasks he told her that he expected to perform constituted his usual work, on weekdays at least, there was some evidence that the heavier work was not required on Sundays or on the particular Sunday on which he was stricken while at work; and we find lacking the required corroboration of the hearsay "by circumstances or other proof" (Workmen's Compensation Law, § 118); and thus the predicate of the medical opinion evidence of causation fails. Decision reversed and case remitted, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.