■ ANN M. HESS et al., Respondents, v. CHARLES TYSZKO, Respondent. MYRON J. COHN, Appellant.— Appeal from a resettled order of the Supreme Court at Special Term, entered April 25, 1974 in Schenectady County, which, *inter alia*, ordered that Walter F. Wessendorf, Jr., be substituted as attorney for the plaintiff in place of Myron J. Cohn as of September 27, 1973. This action to recover for personal injuries arising out of a 1969 motor vehicle accident was commenced on behalf of plaintiffs by Cohn, their retained attorney, in 1971. On September 27, 1973 a registered letter, approved by plaintiffs and from Wessendorf, was forwarded to Cohn, in which it was stated that plaintiffs had retained Wessendorf two days previously to represent them in connection with the action. Thereafter, a motion on behalf of plaintiffs for substitution was made returnable at a Special Term on November 19, 1973, as were applications for relief in connection with a preclusion order and a motion for summary judgment by defendant. An order determining these applications was entered February 1, 1974, by the second decretal paragraph of which it was directed that Wessendorf be substituted as of September 25, 1973 and, under the second decretal paragraph of a resettled order entered April 25, 1974, it was ordered that he be substituted as of September 27, 1973. As indicated in his brief, appellant Cohn confines his appeal to these decretal portions of the orders. A client possesses an absolute right to discharge his attorney and he may do so at any time with or without cause (*Matter of Montgomery*, 272 N. Y. 323, 326; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par 321.12). Until an attorney of record is discharged in the manner provided by law, that is, by order of the court or by the filing of the consent of the retiring attorney and party in the prescribed form (see CPLR 321, subd. [b]), the attorney represents the party, service of papers upon the attorney is service upon the party and, as to adverse parties, the authority of the attorney of record continues unabated (*Hendry* v. *Hilton*, 283 App. Div. 168, 171–172; *Jackson* v. *Trapier*, 42 Misc 2d 139; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 321.11). To allow more than one attorney for a party in a single action would play havoc with established responsibility in respect to professional representation in civil proceedings and in the processes of litigation (*Matter of Kitsch* v. *Riker Oil Co.*, 23 A D 2d 502). Resettled order modified, on the law, by deleting from the second decretal paragraph

thereof the words and figures "as of September 27, 1973" and by inserting in their place "as of February 1, 1974, the date of entry of the original order", and, except as so modified, affirmed, with costs against plaintiffs. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.