■ JOHN A. DOBBINS, Individually and as Father and Natural Guardian of PATRICK DOBBINS, an Infant, et al., Respondent, v COUNTY OF ERIE, Appellant, et al., Defendant.—Order unanimously modified in accordance with memorandum, and, as modified, affirmed, without costs. Memorandum: Defendant, County of Erie, appeals from an order which vacated an order dismissing this medical malpractice action because of plaintiff's failure to serve a complaint in a timely manner. Defendant's counsel had been aware that plaintiff's attorney of record had been informally discharged and that plaintiff's present counsel was representing them. The motion to dismiss, however, was served upon the attorney of record and not upon present counsel. The record demonstrates a history of communications, both oral and written, between defense counsel and plaintiff's present counsel concerning this case, despite the absence of proper substitution. Under these circumstances, defendant's counsel should have apprised plaintiff's present counsel of the making of the motion. While we do not conclude that the failure to serve plaintiff's present counsel was deliberate, we nevertheless refrain, in these circumstances, from according judicial approval to such practice (cf. 1 Weinstein-Korn-Miller, NY Civ Prac, par 321.11). In seeking to vacate the order of dismissal, however, plaintiff was nonetheless bound to show that his delay in serving the complaint is excusable and that his cause of action is meritorious. Plaintiff asserts that defense counsel agreed to extend indefinitely the time to serve a complaint. The defense attorneys deny that such an extension was granted, and there is no written agreement to that effect as required by CPLR 2104. Accordingly, plaintiff's claim is rejected. Nor is the delay of approximately 22 months, when viewed most favorably to plaintiff, excused by an indication that difficulty was encountered in obtaining medical proof regarding defendant's negligence (see Solomon v Perkins, 52 AD2d 753). Moreover, the conclusory and obviously hearsay statement of plaintiff's attorney does not constitute an affidavit of merits (see Allen v Berton, 55 AD2d 1049; Monette v Bonsall, 29 AD2d 839; Houle v Wilde, 22 AD2d 727; Sortino v Fisher, 20 AD2d 25, 32). Despite plaintiff's failure to justify their delay, defendant's present attorneys were not substituted as attorneys of record when the motion to dismiss was made, nor are they now, and thus they lacked standing to make the motion (see Szuldiner v City of New York, 18 AD2d 897). A party may not be represented by more than one attorney in an action (Matter of Kitsch v Riker Oil Co., 23 AD2d 502) and the acts of an attorney who has not been substituted in accordance with CPLR 321 (subd [b]) should be disregarded (Palmer v Palmer, 62 Misc 2d 73, 76; cf. Hess v Tyszko, 46 AD2d 980). Accordingly, the County of Erie, by its attorneys of record, is granted leave to renew its motion to dismiss the action (see Szuldiner v City of New York, supra).

(Appeal from order of Erie Supreme Court—vacate dismissal of action.)
Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.