■ SHARON V. MANDELL, as Administratrix, Respondent, v BLACKMAN-HOFFMAN CO., INC., Appellant. — In an action to recover damages for personal injuries and wrongful death, the defendant appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated September 20, 1982, which denied its motion to vacate a default judgment entered against it on July 23, 1982 on the issue of liability. Order reversed, without costs or disbursements, and matter remitted to Special Term for a hearing in accordance herewith. In denying defendant's application to vacate a default judgment, Special Term failed to address a threshold question as to which there is a sharply contested issue of fact, namely, whether plaintiff's counsel orally agreed in a telephone conversation to extend the defendant's time to answer until July 20, 1982. It is manifest that if such extension was, in fact, granted, the default judgment must be vacated. Accordingly, we reverse and remit the matter to Special Term for a hearing to determine whether such extension was granted. If the court determines that the extension was granted, defendant should be afforded an opportunity to interpose an answer. On the other hand, if the court determines that no such extension was granted, it should then pass on defendant's contention that the default should be vacated because it has a legal excuse for the delay in answering and has a meritorious defense. Thompson, Weinstein and Niehoff, JJ., concur.

Titone, J. P., dissents and votes to affirm the order, with the following memorandum: In concluding that an unresolved question of fact exists as to whether plaintiff's attorney orally agreed to extend defendant's time to interpose an answer, the majority mistakenly relies upon two affidavits supporting the application to vacate the default judgment. Specifically I refer to the affidavit submitted by Godfrey Nardone, a claims representative for defendant's insurer, Zurich American Insurance Company (Zurich), and another one by Irving W. Haut, an attorney associated with the law firm whose first appearance in this case was as "of counsel" to defendant's attorney of record in the within application to vacate defendant's default. In my opinion neither affidavit has any evidentiary value. In his affidavit, verified August 18, 1982, Nardone alleged that during a conversation he had with plaintiff's attorney, he advised the latter of Zurich's coverage of defendant, and the need the insurer had for extra time to interpose an answer. According to Nardone,

plaintiff's attorney made no objection "to my request and did not threaten to seek a default judgment". Because of such purported failure of plaintiff's attorney either to object, or "threaten to seek a default judgment", Nardone then asserted that he sent plaintiff's attorney a written stipulation "to confirm that the defendant's time to answer was, indeed, being extended". A close reading and analysis of Nardone's affidavit reveals significant omissions. Completely missing is any indication as to when and under what circumstances the conversation with plaintiff's attorney took place. Also lacking is a simple, categorical and unqualified statement that plaintiff's attorney orally agreed to extend the time to answer, and what interval elapsed between the conversation and the mailing of the stipulation by Nardone to plaintiff's attorney. What also weakens defendant's contention that there is a question of fact as to whether plaintiff's attorney orally agreed to extend defendant's time to answer, is that Nardone's version of the conversation and related events, in which he admittedly was one of only two active participants, is not inconsistent with the version set forth in the opposing affidavit of David Jaroslawicz, plaintiff's attorney. Jaroslawicz not only acknowledges that he had a telephone conversation with Nardone as to defendant's failure to interpose an answer within the statutory period, but also states unequivocally and without subsequent challenge from Nardone, that the conversation took place on May 7, 1982. He further alleges that during that conversation he advised Nardone that if the answer was "not yet in the mail, it is overdue and that the answer should be served expeditiously". In addition Nardone has never controverted the further assertion of Jaroslawicz that hearing nothing from defendant, the insurance company or any of their attorneys from May 7, 1982, to June 21, 1982, he moved on the latter date for a default judgment and had copies of the moving papers served by certified mail upon defendant and Zurich. Thus it is obvious that Jaroslawicz' version of what transpired is not inconsistent with Nardone's, and may even be read in tandem with the latter's version. Certainly Jaroslawicz' contention that he waited over a month and a half after the conversation of May 7, 1982 before moving for a default judgment based on defendant's inaction during that period, is not incompatible with Nardone's statement that during the conversation plaintiff's attorney made no objection to the request for an extension and did not threaten to seek a default judgment. If anything, after reading Nardone's and Jaroslawicz' affidavits in tandem, the only logical inference that may be drawn is that after the conversation, plaintiff's counsel afforded his adversary more than ample time to interpose an answer before deciding to move for a default judgment and an inquest. With respect to the supporting affidavit of Irving W. Haut, verified August 17, 1982, concededly language is contained therein which supplies the gaps in Nardone's affidavit as to when the telephone conversation between Nardone and Jaroslawicz took place. Also Haut asserts that plaintiff's attorney orally consented to an extension. According to Haut, the following transpired: "The motion [for a default judgment and an inquest] was made on June 21, 1982, and was returnable on July 6, 1982. At approximately the time that the notice of motion was served [upon defendant on June 23, 1982, upon Zurich on June 24, 1982], a stipulation extending the time of the defendant *to answer to July 20, 1982, was agreed to over the telephone,* and on June 29, a written stipulation was sent to plaintiff's counsel to confirm the telephone agreement. The court is respectfully referred to the annexed affidavit by the claims representative of Zurich [Nardone] who obtained the extension." (Emphasis supplied.) However the record reveals that Haut's law firm (*Morris, Duffy, Ivone & Jensen*), and Haut appeared in this case for the first time as "of counsel" when it brought the within motion to vacate the default. Since such initial appearance was some

time after entry of the default judgment, it was incumbent upon Haut to state how he knew of any of the "facts" which he set forth in his affidavit with respect to the telephone conversation between Jaroslawicz and Nardone (see *Monette v Bonsall,* 29 AD2d 839). Moreover, assuming Haut was furnished information from Nardone concerning the conversation, such information would be hearsay and thus patently insufficient for purposes of supplying any factual omissions in Nardone's version of the telephone conversation necessary to raise an issue of fact as to whether or not Jaroslawicz orally consented to extend defendant's time to interpose an answer (cf. *Houle v Wilde,* 22 AD2d 727; *Horowitz v Kevah Konner, Inc.,* 67 AD2d 38, 40). In addition, no explanation or reason has been given as to why Nardone, the only participant in the telephone conversation representing defendant and the insurer, failed to include such essential facts in his affidavit. Finally, it must be emphasized that no satisfactory explanation has been offered as to (1) the failure of defendant's attorneys (a) to interpose a timely answer and (b) to oppose the motion for a default judgment even though both defendant and the insurer were given ample notice of the motion by service of copies thereof by certified mail, and (2) why defendant's attorneys waited approximately four and a half weeks after the granting of plaintiff's motion for a default judgment, before moving to vacate the default. Such persistently dilatory conduct in my opinion constitutes law office failure and as a matter of law is an insufficient excuse for purposes of supporting a motion to vacate a default judgment (see *Barasch v Micucci,* 49 NY2d 594; *Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900). Accordingly, I vote to affirm.