■ STEVE VITALE, Respondent, et al., Plaintiff, v CITY CONSTRUCTION MANAGEMENT CO., INC., Appellant, et al., Defendant. (And a Third-Party Action.)—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about March 12, 1990, which, *inter alia,* granted plaintiff's motion to restore the action to the trial calendar, unanimously affirmed, without costs.

The action was dismissed after plaintiff's counsel failed to appear at pre-trial conferences on successive occasions. Plaintiff subsequently retained new counsel, who discovered the dismissal upon moving for an order directing prior counsel to turn over the file. That motion was ostensibly withdrawn so that plaintiff could move to restore the action to the trial calendar. The motion to restore was granted and defendant has appealed.

Absent a consent signed by prior counsel, or an order of the court, prior counsel remained plaintiff's counsel of record (CPLR 321 [b]; *Hess v Tyszko,* 46 AD2d 980). However, we accept the undisputed representation made on appeal that permission to make the motion to compel delivery of the file

was denied, and that the court required that the instant motion to restore be made first. Under these circumstances, it would be unjust to treat the motion as improperly brought, especially since there is no showing of confusion or prejudice on the part of the defendant. Further, under the circumstances, plaintiff has sufficiently established a meritorious claim and a reasonable excuse for the default. *(Compare, Eisenstein v Rose,* 135 AD2d 369.) Concur—Murphy, P. J., Carro, Kupferman and Smith, JJ.