MICHAEL C. OTTAVIANO, Plaintiff, v GENEX COOPERATIVE, INC., Respondent and Third-Party Plaintiff-Respondent, et al., Defendants. PRAXAIR, INC., Third-Party Defendant. ALLIANZ INSURANCE COMPANY, Appellant. [790 NYS2d 791]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered April 30, 2004. The order, among other things, denied that part of the cross motion of Reed Smith LLP for an order substituting it as counsel for defendant Genex Cooperative, Inc. and denied the additional cross motion of Reed Smith LLP for leave to amend the second amended answer of defendant Genex Cooperative, Inc. to assert a cross claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action to recover

damages for injuries he sustained when a storage tank owned by defendant-third-party plaintiff, Genex Cooperative, Inc. (Genex), ruptured. At the time of the accident, plaintiff was delivering liquid nitrogen to Genex on behalf of his employer, third-party defendant, Praxair, Inc. (Praxair). We determined on a prior appeal that Supreme Court properly granted the motion of Genex for summary judgment on its cause of action seeking contractual indemnification from Praxair (*Ottaviano v Genex Coop.* [appeal No. 2], 305 AD2d 1010, 1011 [2003], *lv dismissed* 100 NY2d 615 [2003]). The excess liability insurance carrier for Praxair, Allianz Insurance Company (Allianz), thereafter retained Reed Smith LLP (Reed Smith) to represent Genex in the main action. Genex, however, was represented by Ford Marrin Esposito Witmeyer & Gleser LLP (Ford Marrin) in the main action.

Contrary to the contention of Allianz, the appellant herein, the court properly denied that part of the cross motion of Reed Smith seeking an order substituting Reed Smith for Ford Marrin as counsel for Genex. That cross motion, ostensibly made on behalf of Genex, was in fact opposed by Genex. As a general rule, a liability insurer has a right to control the defense of underlying litigation against its insured based on the right of the insurer to protect its financial interests (*see M & M Elec. v Commercial Union Ins. Co.*, 241 AD2d 58, 61-62 [1998], *lv denied* 92 NY2d 815 [1998]; *Parker v Agricultural Ins. Co.*, 109 Misc 2d 678, 681 [1981]). Genex, however, is not the insured of Allianz, and Allianz has failed to identify any contractual or other source to support its asserted right to control the defense of Genex in the main action. Further, even assuming, arguendo, that Allianz had the right to control the defense of Genex as its "insured," we conclude that such right must yield where, as here, there are conflicts of interest between Allianz and Genex and between Genex and Praxair (*see Penn Aluminum v Aetna Cas. & Sur. Co.*, 61 AD2d 1119, 1120 [1978]). Because Reed Smith was not substituted as counsel for Genex, it lacked standing with respect to the further part of its cross motion seeking to disqualify Ford Marrin as counsel for Genex as well as with respect to its additional cross motion seeking leave to amend the second amended answer of Genex (*see Dobbins v County of Erie*, 58 AD2d 733 [1977]). Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ. [*See* 3 Misc 3d 1024.]