■ ELITE 29 REALTY LLC, Respondent, v GEORGE R. PITT et al., Appellants. [833 NYS2d 456]—

Order, Supreme Court, New York County (Thomas A. Stander, J.), entered August 31, 2006, which, inter alia, granted plaintiff's cross motion to enforce the parties' stipulated settlement, unanimously affirmed, with costs.

The court properly determined that the Peluso & Touger law firm lacked standing to submit a motion on defendants' behalf to vacate the stipulated settlement (*see Dobbins v County of Erie*, 58 AD2d 733 [1977]; *Szuldiner v City of New York*, 18 AD2d 897 [1963]; *and see Ottaviano v Genex Coop., Inc.*, 15 AD3d 924 [2005]; *cf. EIFS, Inc. v Morie Co.*, 298 AD2d 548 [2002]; *Diamadopolis v Balfour*, 152 AD2d 532 [1989]). No exception to these rules is warranted in this case, particularly since the firm which sought to be substituted and filed the motion did not in fact represent all of defendants, yet purported to make the motion on their behalf. Although Peluso & Touger was without standing to move on defendants' behalf, the court properly considered the firm's submissions on behalf of defendants who had belatedly consented to its substitution as their counsel, in opposition to plaintiff's cross motion to enforce the settlement, and correctly found that the parties freely entered into the settlement after extensive negotiations and that it should therefore be enforced. Although defendants now challenge certain terms of the settlement, the settlement, stipulated on the record immediately before the matter was to be tried, contains an arbitration provision permitting the court to consider and determine any dispute.

We have considered defendants' remaining contentions and find them unavailing. Concur—Saxe, J.P., Friedman, Sweeny, McGuire and Malone, JJ.