. JOHN W. STAATS, Plaintiff, v WEGMANS FOOD MARKETS, INC., Defendant and Third-Party Plaintiff-Respondent. SOLVAY IRON WORKS, INC., Third-Party Defendant-Respondent, and ROCHESTER RIGGING & ERECTORS, INC., Third-Party Defendant-Appellant. (Appeal No. 1.) [852 NYS2d 514]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered March 5, 2007 in a personal injury action. The order denied the motion of third-party defendant Rochester Rigging & Erectors, Inc. to assume the defense of defendant.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, an employee of third-party defendant Rochester Rigging & Erectors, Inc. (Rochester Rigging), commenced this action seeking damages for injuries he sustained when an iron beam collapsed underneath him, causing him to fall 22 feet to the ground. Rochester Rigging and third-party defendant Solvay Iron Works, Inc. had been hired by Wegmans Food Markets, Inc. (Wegmans), the defendant in the main action, to perform portions of a construction project on property owned by Wegmans. Pursuant to the contract between Wegmans and Rochester Rigging, Rochester Rigging agreed to indemnify Wegmans for all liability arising out of the work performed, with the exception of liability arising from Wegmans' own negligence. Rochester Rigging moved to assume the defense of Wegmans in the main action based on that indemnification provision, contending that the defense of the underlying action should be controlled by the entities bearing the actual risk of loss, i.e., Rochester Rigging and its insurer. Supreme Court properly denied the motion. Rochester Rigging has not identified any statutory, contractual or case law authority that sup-

ports the relief it seeks. "As a general rule, a liability insurer has a right to control the defense of underlying litigation against its insured based on the right of the insurer to protect its financial interests" (*Ottaviano v Genex Coop., Inc.*, 15 AD3d 924, 925 [2005]), but Wegmans is not the insured in this case. Present—Martoche, J.P., Centra, Peradotto, Green and Pine, JJ.