■ Kenneth Conrey, Appellant, v Anthony J. Tellone, Respondent, and Carla D. Frazier, Appellant. Carla Frazier, Plaintiff, v Anthony J. Tellone, Respondent, and Kenneth Conrey, Appellant. Joann Middleton, Plaintiff, v Anthony J. Tellone, Respondent, and Carla D. Frazier et al., Appellants. [58 NYS3d 345]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about November 23, 2016, which denied plaintiff/defendant Kenneth Conrey's motion for summary judgment dismissal of the complaints and cross claims in actions 2 and 3 as against him, ·and denied his motion for summary judgment on the issue of liability as against defendant Antony J. Tellone in action 1, and denied defendant Carla D. Frazier's cross motion for summary judgment dismissal of the complaints and cross claims against her in actions 1 and 3, unanimously modified, on the law, to grant Conrey's motion to dismiss the complaints and cross claims against him in actions 2 and 3, to grant Conrey's motion to the extent of awarding him partial summary judgment on the issue of liability in action 1, and to grant Frazier's cross motion to dismiss the complaints and cross claims against her in actions 1 and 3, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

This is a consolidated action for personal injuries arising from a three-car collision that occurred on January 23, 2015. Defendant Anthony J. Tellone was operating his vehicle on the New York Thruway southbound when he collided with a vehicle being operated by plaintiff/defendant Carla D. Frazier before striking a second vehicle being operated by plaintiff/de-

fendant Kenneth Conrey. Plaintiff Joann Middleton was in the front passenger seat of in Conrey's vehicle when the accident occurred. It is undisputed that Conrey's and Frazier's vehicles never collided with each other.

The court had the authority under CPLR 2001 to simply disregard any issues with the filing of either Conrey's or Frazier's motions, because no party alleged or demonstrated that a substantial right had been prejudiced (see CPLR 2001; Matter of United Servs. Auto. Assn. v Kungel, 72 AD3d 517, 517-518 [1st Dept 2010]).

We conclude that to the extent Conrey and Frazier sought dismissal of the complaints as against them, their motions should have been granted, as dismissal was unopposed by plaintiffs Conrey, Frazier and Middleton, and it is undisputed that Conrey's and Frazier's vehicles never collided with each other during the accident.

For the same reasons, Conrey's and Frazier's motions to dismiss the cross claims they asserted against each other should also have been granted. Further, Tellone's cross claims against Conrey and Frazier should have been dismissed, because he failed raise a triable issue as to how their actions caused or contributed to the accident.

We find that Conrey established his entitlement to partial summary judgment as against Tellone. Tellone's testimony that he observed damage to the rear of his vehicle and that the damage did not exist before the accident, does not raise a triable issue. It is uncontroverted that Conrey's vehicle did not strike Tellone's vehicle, and that, rather, it was Tellone's vehicle that rear-ended Conrey's (Oluwatayo v Dulinayan, 142 AD3d 113, 119 [1st Dept 2016]).

The only appeal noticed by Frazier concerns the denial of her motion for summary dismissal of the complaints as against her in actions 1 and 3. Moreover, she lacks standing to seek review of the denial of her cross motion for partial summary judgment in action 2, in which she appeared as plaintiff and was represented by different counsel, who has not been properly substituted (see Szuldiner v City of New York, 18 AD2d 897 [1st Dept 1963]). Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.