Sperry Assoc. Fed. Credit Union v John (2018 NY Slip Op 02823)





Sperry Assoc. Fed. Credit Union v John


2018 NY Slip Op 02823


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-08522
 (Index No. 1488/13)

[*1]Sperry Associates Federal Credit Union, appellant,
v
Kunjamma C. John, etc., respondent.


Scott A. Rosenberg, P.C., Garden City Park, NY (Kenneth J. Pagliughi of counsel), for appellant.
Law Office of Steven Cohn, P.C., Carle Place, NY (Susan E. Dantzig of counsel), for respondent.



DECISION & ORDER
In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered June 27, 2016. The order granted the defendant's motion for leave to renew and reargue her prior motion to vacate an order of the same court entered July 21, 2015, made after a hearing (John M. Galasso, J.), denying her motion to vacate a judgment of the same court entered June 3, 2013, in favor of the plaintiff in the total sum of $491,623.04, upon the defendant's failure to appear and answer, and, upon renewal and reargument, in effect, vacated the order entered July 21, 2015, and thereupon granted the defendant's motion to vacate the judgment entered June 3, 2013, and to dismiss the action.
ORDERED that the order entered June 27, 2016, is affirmed, with costs.
On February 1, 2013, the plaintiff commenced this action to recover from the defendant the amount allegedly owed by her pursuant to a promissory note. The defendant did not appear or answer, and a default judgment was entered on June 3, 2013, in favor of the plaintiff in the total sum of $491,623.04.
The defendant moved to vacate the default judgment, claiming she was never served. At a hearing on the validity of service of process, the process server testified that he did not have a clear recollection of serving this particular defendant, so he referred to the affidavit of service, which was admitted into evidence. The affidavit of service stated that he served the summons and complaint by delivering the summons and complaint to the defendant's daughter, a person of suitable age and discretion, on February 15, 2013, at 2:05 p.m., at the defendant's residence (see CPLR 308[2]). The defendant's daughter testified that she was at work in her office at 2:05 p.m. on February 15, 2013, and referred to an office email in support of her claim. Therefore, the papers could not have been delivered to her at the defendant's residence at that time. However, the process server claimed that the time—2:05 p.m.—was a typographical error, and the time noted should have been 7:05 p.m. He asserted that he knew the statement in the affidavit of service was a typographical error because his logbook indicated that he served the defendant at 7:05 p.m. He did not bring the logbook to court because he could not find it.
At the conclusion of the hearing, the plaintiff submitted a memorandum of law. The plaintiff argued that the process server was not required to bring the logbook to court, and his failure to do so should not be used to undermine his credibility. The plaintiff further argued that the typographical error regarding the time of day when the papers were served was not a material issue in the case. The hearing court adopted "the plaintiff's findings of fact and conclusions of law, consequently finding in [the] plaintiff's favor." In an order entered July 21, 2015, the Supreme Court denied the defendant's motion to vacate the default judgment against her.
The defendant, represented by a new attorney, Steven Cohn, moved for leave to renew and reargue her motion to vacate the default judgment, based, inter alia, upon discrepancies in the testimony of the process server at the hearing. In opposition, the plaintiff argued that the motion should not be considered because the defendant's counsel failed to comply with CPLR 321(b) by filing with the court a consent to change attorney stating that his client consented to the substitution counsel, and that the defendant's contentions were without merit. On May 17, 2016, the defendant filed a consent to change attorney to Steven Cohn. In the order appealed from entered June 27, 2016, the Supreme Court granted leave to renew and reargue on the ground that "relevant facts and controlling law were overlooked," and, thereupon, in effect, vacated the order entered June 3, 2013, and granted the defendant's motion to vacate the default judgment on the ground that personal jurisdiction over the defendant was not obtained and to dismiss the complaint. The plaintiff appeals.
CPLR 321(b)(1) provides that an attorney of record may be changed by filing a consent to change attorney signed by the retiring attorney and the party. Notice must be given to adverse parties. In this case, it appears that at the time the defendant's motion for leave to renew and reargue was made, no consent to change attorney had been filed. A technical failure to comply with CPLR 321(b), however, does not render the acts of the new attorney a nullity (see Diamadopolis v Balfour, 152 AD2d 532; Imor v Imor, 119 AD2d 913). In this case, the plaintiff claims no prejudice, and the consent to change attorneys was filed while the motion was still pending (see Elite 29 Realty LLC v Pitt, 39 AD3d 264). Thus, contrary to the plaintiff's contention, the belated compliance with CPLR 321(b) was not a basis to deny the defendant's motion (cf. Dobbins v County of Erie, 58 AD2d 733; Matter of Kitsch Riker Oil Co., 23 AD2d 502).
At a hearing on the validity of service of process, the plaintiff bears the burden of proving personal jurisdiction by a preponderance of the evidence (see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776). The plaintiff failed to meet that burden. Where a process server has no independent recollection of events, a process server's logbook may be admitted in evidence as a business record (see Gilmore v Tindel, 210 AD2d 1). Here, however, the logbook was not produced in court or introduced in evidence. Thus, there was no evidence—other than the process server's description of a business record not before the court, which the process server claimed he was unable to locate—to support the claim that service occurred at 7:05 p.m., when the person who allegedly received the papers was present to receive them.
Thus, the original determination in the order entered July 21, 2015, denying the defendant's motion to vacate the default judgment against her, overlooked "relevant facts and controlling law," warranting the granting of leave to reargue, and, thereupon, the granting of the defendant's motion to vacate the default judgment and to dismiss the action.
The plaintiff's remaining contentions are without merit or need not be considered in light of our determination.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court