Fagan v Gorbatko (2025 NY Slip Op 06992)

Fagan v Gorbatko

2025 NY Slip Op 06992

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-07561
2023-07807
 (Index No. 57048/20)

[*1]Justin Fagan, respondent, 
vEvgeniya A. Gorbatko, defendant; Chaim Steinberger, P.C., nonparty-appellant.

Chaim Steinberger, P.C., New York, NY, nonparty-appellant pro se.
Lieberman & Lieberman PLLC, White Plains, NY (Mitchell P. Lieberman and Remy B. Lieberman of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, nonparty Chaim Steinberger, P.C., appeals from (1) an order of the Supreme Court, Westchester County (James L. Hyer, J.), dated April 12, 2023, and (2) an order of the same court dated May 1, 2023. The order dated April 12, 2023, denied that nonparty's motion for attorney's fees, and granted the plaintiff's cross-motion pursuant to 22 NYCRR 130-1.1 for sanctions against that nonparty in the form of attorney's fees to the extent of finding that the plaintiff is entitled to attorney's fees and permitting the plaintiff to make an application for such fees. The order dated May 1, 2023, upon the plaintiff's application, awarded the plaintiff attorney's fees against that nonparty in the sum of $17,300.
ORDERED that the order dated April 12, 2023, is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof granting the plaintiff's cross-motion pursuant to 22 NYCRR 130-1.1 for sanctions against nonparty Chaim Steinberger, P.C., in the form of attorney's fees, and substituting therefor a provision denying the cross-motion; as so modified, the order dated April 12, 2023, is affirmed, and the order dated May 1, 2023, is vacated; and it is further,
ORDERED that the appeal from the order dated May 1, 2023, is dismissed as academic in light of our determination on the appeal from the order dated April 12, 2023; and it is further,
ORDERED that one bill of costs is awarded to nonparty Chaim Steinberger, P.C.
Nonparty Chaim Steinberger, P.C. (hereinafter Steinberger), moved for an award of attorney's fees pursuant to Domestic Relations Law § 237(a) for services it performed in the instant matrimonial action for the defendant. The plaintiff cross-moved pursuant to 22 NYCRR 130-1.1 for sanctions against Steinberger in the form of attorney's fees for bringing a frivolous motion. In an order dated April 12, 2023, the Supreme Court denied Steinberger's motion and granted the plaintiff's cross-motion to the extent of finding that the plaintiff is entitled to attorney's fees and permitting the plaintiff to make an application for such fees. The court found, in effect, that [*2]Steinberger's motion was frivolous, and therefore, the plaintiff was entitled to recover reasonable attorney's fees in connection with the defense of the motion, upon submission of proper papers. In an order dated May 1, 2023, upon the plaintiff's application for attorney's fees, the court awarded the plaintiff attorney's fees against Steinberger in the sum of $17,300. Steinberger appeals.
In support of its motion for attorney's fees, Steinberger submitted evidence that it entered into a retainer agreement with the defendant, but did not file a notice of appearance with the Supreme Court; moreover, Steinberger explicitly appeared only as "of counsel" to the defendant's attorney of record for the primary purpose of assisting the attorney of record with respect to the plaintiff's application to disqualify that attorney for certain alleged misconduct. Steinberger's representation of the defendant ended when the defendant's attorney of record was replaced by another firm.
Pursuant to Domestic Relations Law § 237(a), "any applications for counsel fees and expenses may be maintained by the attorney for either spouse in counsel's own name in the same proceeding" (Frankel v Frankel, 2 NY3d 601, 606 [alterations omitted]; see Domestic Relations Law § 237[a]). However, with respect to fees due to an attorney who functions as "of counsel" to an attorney of record, the "of counsel" attorney may only properly seek fees and disbursements from the attorney of record in the litigation (see Roskind v Brown, 29 AD2d 549, 550). Consequently, the Supreme Court correctly determined that Steinberger, who was not the defendant's attorney of record, did not have standing to bring the instant motion (see Menendez v Abingdon Ct. Owners Corp., 200 AD3d 464, 465; Spallone v Spallone, 171 AD3d 527; Dobbins v County of Erie, 58 AD2d 733, 733).
Pursuant to 22 NYCRR 130-1.1, a court, in its discretion, after a reasonable opportunity to be heard, may impose sanctions against a party or the attorney for a party, or both, for frivolous conduct (see id. § 130-1.1[b], [d]). "[C]onduct is frivolous if . . . (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (id. § 130-1.1[c]).
Here, the Supreme Court improvidently exercised its discretion in imposing sanctions against Steinberger, as its conduct, under the circumstances, was not frivolous within the meaning of 22 NYCRR 130-1.1 (see Crudele v Price, 218 AD3d 539, 540; NHD Nigani, LLC v Angelina Zabel Props., Inc., 161 AD3d 758, 761; Joan 2000, Ltd. v Deco Constr. Corp., 66 AD3d 841, 842).
Accordingly, we deny the plaintiff's cross-motion and vacate the sanctions award.
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court