■ MARY A. MURRAY, Respondent, v STATE LIQUOR AUTHORITY et al., Appellants.—Motion for reargument of this court's order entered October 15, 1987 [133 AD2d 569] granted, and upon reargument, the court's prior order vacated. Upon vacatur, order and judgment (one paper), Supreme Court, Bronx County (Bertram Katz, J., on the order and judgment; Alfred J. Callahan, J., on the decision), entered February 2, 1987, which, *inter alia,* granted plaintiff's cross motion for summary judgment and declared in her favor, unanimously reversed, on the law, without costs or disbursements, plaintiff's cross motion for summary judgment denied, defendant's motion for summary judgment granted, and a declaration entered that plaintiff is not entitled to the relief sought.

This court originally affirmed the judgment declaring rule 36 (t) of the Rules of the State Liquor Authority (9 NYCRR 53.1 [t]) to be an unauthorized and invalid exercise of the Authority's rule-making power, since the Alcoholic Beverage Control Law did not delegate to the Authority the power to regulate off-premises licensees. The Authority moved for reargument and requested, *inter alia,* that the injunction be modified as to on-premises licensees, over which, concededly, it

does have rule-making power, and of which class of licensee plaintiff is a member. This court was not aware when the appeal was heard that plaintiff is an on-premises licensee, and requested briefs from both parties on the issue of plaintiff's standing to challenge the regulation, and whether, even if plaintiff has standing, the rule's application may be constitutionally limited so as to meet the objection that it constitutes a usurpation of legislative power.

The parties have now submitted briefs, and it is clear that plaintiff, an on-premises licensee, has no standing to challenge the regulation insofar as it applied to off-premises licensees. She is not aggrieved by the regulation, to the extent it affects off-premises licensees. *(See, St. Clair v Yonkers Raceway,* 13 NY2d 72, 76.) The Authority has the power to regulate gambling occurring on the establishments of on-premises licensees. Consequently, even though the regulation impermissibly regulates off-premises licensees, it should not have been stricken since no party aggrieved by the offensive part of the regulation has challenged it. Additionally, even if such a challenge were raised, we believe the application of the injunction could be limited so as to tailor the regulation to affect only on-premises licensees. In any event, since an aggrieved party is not before the court, and since the Authority may regulate on-premises licensees, our prior affirmance should be vacated.

Finally, although the Authority did not previously challenge plaintiff's standing, we are not precluded from addressing the issue. A party's standing constitutes a question of subject matter jurisdiction. *(Matter of Dental Socy. v Carey,* 61 NY2d 330; *Lacks v Lacks,* 41 NY2d 71, 74.) Subject matter jurisdiction cannot be waived and may be challenged for the first time on appeal. *(Matter of Deile v Boettger,* 250 App Div 633, 635.) Consequently, the issue is properly before us, even on a motion for reargument. Concur—Murphy, P. J., Kupferman, Sullivan, Milonas and Smith, JJ.