■ Ronald Omiatek et al., Respondents, v Marine Midland Bank, N.A., Appellant, and HealthNow NY, Inc., Intervenor-Respondent. [781 NYS2d 389]—

Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered April 2, 2003. The order granted the motion of HealthNow NY, Inc. for permission to intervene in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: We conclude that Supreme Court properly exercised its discretion in granting the motion of HealthNow NY, Inc. (HealthNow) seeking permission to intervene in this personal injury action pursuant to CPLR 1013 for the purpose of asserting an equitable subrogation claim. Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Ronald Omiatek (plaintiff) when he slipped and fell on defendant's property. We reject at the outset defendant's contention that the claim of HealthNow for reimbursement of medical expenses it paid with respect to plaintiff's injuries is barred by the statute of limitations. Rather, we conclude that the claim is deemed to have been timely interposed on the date on which plaintiffs' claim seeking medical expenses as an item of damages was interposed (*see* CPLR 203 [f]). HealthNow's claim for reimbursement arises out of the same occurrence that gave rise to plaintiffs' claim for medical expenses and is similar

enough to plaintiffs' claim that defendant was thereby placed on notice of HealthNow's claim (*see Mark G. v Sabol,* 247 AD2d 15, 27-28 [1998], *mod on other grounds* 93 NY2d 710 [1999]; *Key Intl. Mfg. v Morse/Diesel, Inc.,* 142 AD2d 448, 458-459 [1988]; *cf. Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono,* 91 NY2d 716, 721 [1998]). Furthermore, HealthNow's claim does not create additional liability for defendant (*cf. Greater N.Y. Health Care Facilities Assn.,* 91 NY2d at 721).

On the merits, we conclude that the court properly granted HealthNow's motion because the assertion of an equitable subrogation claim herein "both prevents a potential double recovery by plaintiffs and assures that tortfeasors, not ratepayers, will ultimately bear the expense" (*Teichman v Community Hosp. of W. Suffolk,* 87 NY2d 514, 523 [1996]). We disagree with the dissent's conclusion that the collateral source offset provisions of CPLR 4545 (c) would prevent a recovery of medical payments made by HealthNow upon the trial of this action. As the Court of Appeals has noted, the purpose of section 4545 is to prevent plaintiffs from receiving "windfalls and double recoveries for the same loss" (*Fisher v Qualico Contr. Corp.,* 98 NY2d 534, 537 [2002]). Thus, although CPLR 4545 (c) requires a reduction of the damages for medical expenses with respect to plaintiff, "defendant still may be held responsible in subrogation to [HealthNow, plaintiff's health care] insurer" (*Fisher* at 540; *see Kelly v Seager,* 163 AD2d 877 [1990]; *Blue Cross & Blue Shield of N.J., Inc. v Philip Morris, Inc.,* 113 F Supp 2d 345, 380 [2000]; *see generally Winkelmann v Excelsior Ins. Co.,* 85 NY2d 577, 581-583 [1995]).

We reject defendant's further contention that the intervention of HealthNow will result in undue delay in the litigation of this matter (*cf. Berry v St. Peter's Hosp. of City of Albany,* 250 AD2d 63, 66 [1998], *lv dismissed* 92 NY2d 1045 [1999]). Finally, we note that plaintiffs have not appealed from the order herein, and we therefore reject defendant's contention that plaintiffs will be prejudiced by HealthNow's presence in the action (*cf. Oxford Health Plans v Augustino Deli & Caterers,* 282 AD2d 728 [2001]; *Halloran v Don's 47 W. 44th St. Rest. Corp.,* 255 AD2d 206, 206-207 [1998]; *Berry,* 250 AD2d at 66-67; *Humbach v Goldstein,* 229 AD2d 64, 68 [1997], *lv dismissed* 91 NY2d 921 [1998]).

All concur except Pigott, Jr., P.J., and Green, J., who dissent and vote to reverse in accordance with the following memorandum.

Pigott, Jr., P.J., and Green, J. (dissenting). We respectfully dissent. We conclude that Supreme Court improvidently exercised

its discretion in granting the motion of HealthNow NY, Inc. (HealthNow) seeking permission to intervene in this personal injury action for the purpose of asserting a subrogation claim. We are in agreement with the other three Departments that the proposed intervention by a health insurance carrier so as to protect any claimed right to reimbursement for insurance payments is premature at this juncture and would place the interests of the insurer in conflict with those of its insured (*see Halloran v Don's 47 W. 44th St. Rest. Corp.*, 255 AD2d 206 [1998]; *Berry v St. Peter's Hosp. of City of Albany*, 250 AD2d 63, 66-68 [1998], *lv dismissed* 92 NY2d 1045 [1999]; *Humbach v Goldstein*, 229 AD2d 64, 67-68 [1997], *lv dismissed* 91 NY2d 921 [1998]). The majority permits such intervention in an effort to protect HealthNow's claimed interest based upon principles of equitable subrogation. In the majority's view, permitting such intervention will allow recovery by the insurer for amounts paid for medical care upon a verdict in favor of plaintiffs in this action. However, the collateral offset provisions of CPLR 4545 (c) would apply to any such verdict and would preclude recovery by plaintiffs of any medical payments made by HealthNow. Plaintiffs, instead, would recover the health insurance premiums of Ronald Omiatek (plaintiff) "for the two-year period immediately preceding the accrual of [the] action and . . . an amount equal to the projected future cost to the plaintiff of maintaining such benefits" (CPLR 4545 [a]). The logical extension of the majority's holding is to render the collateral source offset provision of CPLR 4545 (c) inapplicable upon a verdict in plaintiffs' favor, which is contrary to the intent of the Legislature (*see Humbach*, 229 AD2d at 67-68). In sum, we conclude that the majority's holding impermissibly circumvents, and indeed may render meaningless, the collateral offset provisions of CPLR 4545 (c).

Thus, we would reverse the order and deny HealthNow's motion. Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.