■ DEBORAH A. KACZMARSKI et al., Respondents, v LOUBERT S. SUDDABY, M.D., et al., Respondents. INDEPENDENT HEALTH ASSOCIATION, INC., Proposed Intervenor-Appellant. [779 NYS2d 394]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered March 21, 2003. The order denied Independent Health Association, Inc.'s motion for permission to intervene in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs and the motion is granted.

Memorandum: Plaintiffs commenced this negligence and medical malpractice action seeking damages for injuries sustained by Deborah A. Kaczmarski (plaintiff). Independent Health Association, Inc. (Independent Health), plaintiff's health insurer, moved for permission to intervene in the action to as-

sert an equitable subrogation claim, and plaintiffs opposed the motion. We conclude that Supreme Court abused its discretion in denying the motion. Independent Health established that its claim and plaintiffs' claim share common questions of law and fact (*see Berry v St. Peter's Hosp. of City of Albany,* 250 AD2d 63, 66 [1998], *lv dismissed* 92 NY2d 1045 [1999]) and that its intervention would not unduly delay the action or unduly prejudice the rights of plaintiffs (*see* CPLR 1013; *see also Omiatek v Marine Midland Bank,* 9 AD3d 831 [2004]). We reject plaintiffs' contention that Independent Health's subrogation action is time-barred. Independent Health's claim relates back to the date on which plaintiffs' medical malpractice claim was interposed (*see* CPLR 203 [f]; *Omiatek,* 9 AD3d at 831). We reject plaintiffs' further contention that CPLR 4545 precludes Independent Health from obtaining a verdict for medical expenses against the tortfeasors. CPLR 4545 (c) provides for a reduction in an award of damages after a trial based on reimbursement from collateral sources. "The purpose of the statutory collateral source rule is to prevent multiple recoveries for the same loss by an injured party . . . [, and t]hat purpose would not be served by its application to subrogation claims" (*Kelly v Seager,* 163 AD2d 877, 877 [1990]; *see Nossoughi v Federated Dept. Stores,* 175 Misc 2d 585, 589-590 [1998]).

All concur except Gorski and Martoche, JJ., who dissent and vote to affirm in the following memorandum.

Gorski and Martoche, JJ. (dissenting). We respectfully dissent, for the same reasons set forth in the dissent in *Omiatek v Marine Midland Bank* (9 AD3d 831, 832 [2004]). In our view, the offset provisions in CPLR 4545 (c) preclude recovery by plaintiffs of any medical payments made by Independent Health Association, Inc. (Independent Health) or any other health insurer on behalf of plaintiff Deborah A. Kaczmarski (*see Humbach v Goldstein,* 229 AD2d 64, 67 [1997], *lv dismissed* 91 NY2d 921 [1998]). In addition, because discovery has not yet been conducted, it is not possible to ascertain at this juncture whether the alleged equitable subrogation rights of Independent Health conflict with the rights of plaintiffs to a full recovery (*see Berry v St. Peter's Hosp. of City of Albany,* 250 AD2d 63, 67 [1998], *lv dismissed* 92 NY2d 1045 [1999]). Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Hayes, JJ.