OPINION OF THE COURT
Philip G. Minardo, J.
Plaintiffs motion is denied.
In this personal injury action, plaintiff has moved to extinguish “the purported liens and/or subrogation rights” asserted by Healthcare Recoveries, Inc. to recover medical expenses incurred on his behalf in connection with the underlying incident. It is undisputed that respondent Healthcare Recover *880 ies, Inc. is a third-party organization acting as agent for Verizon Health Plans (VHP) in an effort to recover the medical expenses paid on plaintiffs behalf, and that VHP is a self-funded employee welfare benefit plan enacted by plaintiffs employer (Verizon) in accordance with ERISA, the Employee Retirement Income Security Act of 1974 (29 USC § 1001 et seq.). The amount of plaintiffs medical expenses has been placed at $12,780.61.
Divorced from questions of intervention (see CPLR 1012, 1013; Humbach v Goldstein, 229 AD2d 64 [2d Dept 1997]) and federal preemption (see FMC Corp. v Holliday, 498 US 52 [1990]), the crux of the dispute herein is whether New York’s collateral source rule as embodied in CPLR 4545 operates to negate the “health insurer’s” right of subrogation. “Subrogation is the principle by which an insurer, having paid [the claims] of its insured, is placed in the position of its insured so that it may recover from the third party legally responsible for the loss” (Winkelmann v Excelsior Ins. Co., 85 NY2d 577, 581 [1995]). As applicable in the case at bar, CPLR 4545 (c) provides that in an action brought to recover damages for personal injuries, the sums awarded shall be reduced by the amount, e.g., of plaintiffs medical expenses that have been paid from a collateral source, such as insurance. Plaintiff maintains that the lien/subrogation rights which have been asserted on behalf of VHP cannot be recognized, as CPLR 4545 (c) would bar plaintiff from recovering the medical expenses paid by VHR and the subrogee stands in the shoes of its policyholder (see e.g. Humbach v Goldstein, 229 AD2d at 67; but see Kaczmarski v Suddaby, 9 AD3d 847, 848 [4th Dept 2004]).
The court disagrees.
To the extent that Humbach and its progeny may be seen as supporting plaintiff’s position, it is worthy of note that the language relied upon by plaintiff was used in the discussion of the principles of equitable subrogation (Humbach at 66-67). In Humbach, as here, when the issue before the Court was the insurer’s contractual right to subrogation, the Second Department recognized and affirmed the insurer’s right to assert a lien under the terms of its policy (id. at 68-69). Moreover, the Court of Appeals has recently held on certified questions from the United States Court of Appeals for the Second Circuit that CPLR 4545 (c) would not prevent a health care insurer from pursuing subrogation claims against tobacco companies for the provable extra costs incurred in providing medical treatment *881 for its insured smokers (Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA, 3 NY3d 200 [2004]). In the course of so doing, the Court pertinently observed that CPLR 4545 was “enacted in 1986 in order to prevent duplicate recoveries for, among other things, [the] costs of medical care” (id. at 208), and “does not alter [the health insurer’s] traditional remedy because a defendant still may be held responsible in subrogation” {id. [citations and internal quotation marks omitted]). This observation is fully consistent with the Court’s prior pronouncements regarding CPLR 4545 (see e.g. Fisher v Qualico Contr. Corp., 98 NY2d 534, 538-540 [2002]), as well as its related holding in Teichman v Community Hosp. of W. Suffolk (87 NY2d 514 [1996]) to the effect that allowing an insurer to pursue its contractual right to reimbursement for medical expenses serves a dual purpose, “both preventing] a potential double recovery by plaintiffs and assuring] that tortfeasors, not ratepayers, will ultimately bear the expense” (id. at 523 [emphasis added]; see also Kelly v Seager, 163 AD2d 877 [1990]).
In the opinion of this court, to grant plaintiff the relief requested would be inconsistent with these holdings.
Accordingly, it is ordered that plaintiffs motion is denied.