■ ROBERT MCHALE et al., Respondents, v MICHAEL K. ANTHONY et al., Appellants, et al., Defendant. [839 NYS2d 33]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered on or about October 26, 2005, which granted plaintiffs' motion for leave to amend the summons and complaint to add a subrogation cause of action on behalf of Liberty Mutual Insurance Company, affirmed, without costs.

It is undisputed that plaintiff Robert McHale was seriously injured on July 12, 1999 when the vehicle he was driving, which was owned by United Refrigeration, collided with a truck driven by defendant-appellant Anthony, rented by defendant-appellant Empire Beef and owned by defendant Ryder Truck Rental, Inc. This personal injury action was timely commenced two years later; however, because Ryder declared bankruptcy, and its insurer, Frontier Insurance Group, as well as the insurer for defendants-appellants Anthony and Empire Beef, Reliance Insurance Company, went into receivership, the action was stayed from 2001 until October 2004. As a result, plaintiffs, without notice to defendants, filed a claim with United Refrigeration's uninsured motorist carrier, Liberty Mutual, that resulted, on May 10, 2004, in a settlement agreement that contained a right of subrogation.

As is relevant to this appeal, on or about June 6, 2005, plaintiffs moved pursuant to CPLR 3025 (b) to amend the complaint to add a subrogation cause of action on behalf of Liberty Mutual. Defendants-appellants Anthony and Empire Beef opposed on the ground that Liberty Mutual's subrogation claim was barred by the statute of limitations inasmuch as it accrued

on the date of the accident, not the date of payment or of the subrogation agreement. Defendant Ryder also opposed on statute of limitations grounds, arguing that the subrogation claim did not relate back to the original complaint pursuant to CPLR 203 (f) because the original complaint did not give any notice of the possibility of an arbitration between plaintiffs and Liberty Mutual that could result in a large settlement without Ryder's participation. Ryder also argued that plaintiffs' motion must be denied because counsel for Liberty Mutual, who failed to enter an appearance on behalf of plaintiffs as directed by the court, did not have standing to move on behalf of plaintiffs. Subsequent replies and a letter by plaintiffs and a surreply by Anthony and Empire Beef, while addressing the relation-back issue and raising a new argument that Liberty Mutual, although referred to in the proposed amended complaint as a "subrogee," was in essence an "assignee," made no reference to Ryder's lack of standing claim. Nor did the court, which found that defendants' arguments were unavailing and granted plaintiffs' motion.

Accordingly, limiting our review to the issues raised in appellants' briefs, it is evident that Liberty's claim for part of whatever plaintiffs might recover "arises out of the same occurrence that gave rise to plaintiffs' claim . . . and is similar enough to plaintiffs' claim that defendant was thereby placed on notice of [the insurer]'s claim" (*Omiatek v Marine Midland Bank, N.A.*, 9 AD3d 831, 831-832 [2004], *appeal dismissed* 3 NY3d 738 [2004]; *see also Kaczmarski v Suddaby*, 9 AD3d 847, 848 [2004], *appeal dismissed* 3 NY3d 738 [2004]). Hence, the relation-back provision of CPLR 203 (f) applies, and Liberty Mutual's subrogation cause of action is not time-barred.

The concerns expressed by the dissent have no relevance to the issues presented by the parties to this appeal. Defendants Anthony and Empire Beef, as limited by their briefs, have appealed only on the grounds that the relation-back provision of CPLR 203 (f) does not apply and the proposed new cause of action is one for subrogation and not assignment. Ryder, the only party who raised the standing issue before the motion court, has not appealed and therefore must be deemed to have abandoned such issue. Nevertheless, the dissent would reverse and deny plaintiffs' motion solely on the ground of counsel's lack of standing, an issue not raised by the appealing parties and not addressed in their brief.

It is well settled that an appellate court's scope of review is generally limited to those issues that have been appealed and that aggrieve the appealing party (*Hecht v City of New York*, 60 NY2d 57, 61 [1983]), and that arguments raised below but not

pursued on appeal are generally deemed abandoned (*see Batas v Prudential Ins. Co. of Am.*, 37 AD3d 320, 321 n 1 [2007]). Thus, any arguments pertaining to standing are not properly before us and should not be considered (*see Matter of Kent v Kent*, 29 AD3d 123, 130 [2006]). To do so would be so unfair to the parties, who have presented what they think are the determinative issues for this Court to decide only to be blindsided by a decision based on issues not even raised or addressed in their briefs, as to implicate due process concerns. Concur—Andrias, J.P., Saxe and Williams, JJ.

Sweeny and McGuire, JJ., dissent in a memorandum by McGuire, J., as follows: I respectfully dissent as I would deny plaintiffs' motion for leave to amend the summons and complaint to add a subrogation cause of action on behalf of Liberty Mutual Insurance Company (Liberty) without prejudice to a new application on proper papers.

Although plaintiffs moved for leave to amend the complaint to add a subrogation cause of action on behalf of the ostensible plaintiff Liberty, plaintiffs conclusory motion papers do not state that Liberty supported or even had notice of the motion. Notably, no notice of appearance was filed by an attorney representing Liberty (*see Szuldiner v City of New York*, 18 AD2d 897 [1963]; *see also Elite 29 Realty LLC v Pitt*, 39 AD3d 264 [2007]). Nor did plaintiffs assert, let alone provide a basis for concluding, that they had standing or authority to assert another party's cause of action (*see Rattner v York*, 174 AD2d 718, 720 [1991] [affirming dismissal of complaint brought by plaintiff Rattner to the extent it was ostensibly brought by plaintiff Tillie because "(t)here is no evidence that Tillie consented to being joined as a plaintiff in this action . . . (or) authorized Rattner to act on her behalf"]). Moreover, plaintiffs' counsel identified itself only in a perfunctory manner in the motion papers as counsel for plaintiffs *and* Liberty. Counsel's affirmation and reply papers state that counsel represents plaintiffs; no mention of Liberty is made. At no point do the motion papers indicate that counsel had spoken with anyone at Liberty and had been authorized to act as its attorneys and assert the subrogation cause of action. The plaintiffs' brief in this Court, moreover, provides additional reason for doubt as to whether Liberty had authorized plaintiffs' counsel to represent Liberty and bring the cause of action. Nowhere in the brief does plaintiffs' counsel indicate that it represents Liberty.*

Whether deemed a motion to add a party pursuant to CPLR

---

* In addition, the caption of this appeal is inexplicably identical to the prior caption of this action, even though in granting the motion the court deemed

1003 or as one for leave to intervene pursuant to CPLR 1013, the motion should have been denied. In my view, plaintiffs' failure to demonstrate that they had standing or authority to assert a claim on behalf of Liberty is fatal to their motion. It is not necessary to decide whether lack of standing is a nonwaivable defect touching on the subject matter jurisdiction of the court or a defect that may be waived if not timely raised (*compare Security Pac. Natl. Bank v Evans*, 31 AD3d 278 [2006], *appeal dismissed* 8 NY3d 837 [2007], *with Murray v State Liq. Auth.*, 139 AD2d 461 [1988], *lv denied* 72 NY2d 810 [1988]). If it is a jurisdictional defect, then reversal on this ground would unquestionably be warranted. Even assuming it is a waivable defect, I am not aware of any authority—and the majority does not cite any—that requires us to disregard the issue of the standing of plaintiffs to assert a cause of action on behalf of Liberty. Thus, although defendants-appellants Anthony and Empire Beef Company have not raised this issue, we should not ignore a legal infirmity that is obvious on the face of the record and may prejudice the rights of a nonparty on whose behalf plaintiffs are purporting to act. Moreover, when a defendant fails to object to the lack of standing or capacity of the plaintiff, that failure affects only the rights of the defendant. Here, by contrast, that failure additionally affects the rights of a stranger to the action.

The majority's contention that by raising the standing issue I am "blindsid[ing]" the parties to this appeal and "implicat-[ing]" due process concerns is misplaced. Certain defects, particularly those touching on the subject matter jurisdiction of a court, may be raised at any point in an action and may be done by the court sua sponte (*see Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO*, 72 NY2d 307, 311 [1988], *cert denied* 488 US 966 [1988]; *Matter of Prospect v Cohalan*, 65 NY2d 867, 870 n [1985]; *Matter of Reis v Zimmer*, 263 AD2d 136, 144 [1999]). Nor is the majority persuasive in arguing that a reversal on the basis of an issue the parties have not addressed "implicate[s] due process concerns." Of course, even assuming that a reversal on this ground would "implicate" due process concerns, those concerns can be implicated without being violated. Moreover, if, as appears to be the case, the McHale plaintiffs have no authority to assert Liberty's claim, they have no ground on which to object to our resolution of this appeal. If, on the other hand, Liberty did authorize the motion,

---

to be served the amended complaint, the caption of which includes Liberty as the subrogee of plaintiffs.

plaintiffs would hardly be irretrievably prejudiced if we were to reverse and deny the motion without prejudice to a new application on proper papers. Obviously, defendants-appellants would not be aggrieved by such a resolution of this appeal.

Curiously, the majority claims that I would deny plaintiffs' motion "solely on the ground of counsel's lack of standing." Of course, however, the issue is *plaintiffs'* lack of standing. By referring to "counsel's lack of standing," whatever that means, the majority avoids taking an express position on whether plaintiffs' lack of standing presents a jurisdictional defect. Albeit implicitly, however, the majority does take a position on that issue. After all, the majority could not affirm the order granting plaintiffs' motion to add a claim on behalf of Liberty if it concluded that plaintiffs' lack of standing to assert that claim presented a jurisdictional defect. In any event, however the standing issue is characterized, as discussed above there are numerous reasons for believing that plaintiffs were not authorized to represent or otherwise act on behalf of Liberty, and there is virtually no reason to believe plaintiffs were so authorized. The majority has nothing at all to say in response to any of the factual matters discussed above bearing on plaintiffs' lack of standing.

For these reasons, I would deny plaintiffs' motion without prejudice, and would not reach the question of whether the relation-back provision of CPLR 203 (f) renders the proposed claim timely.