■ ASA NATHANSON, Appellant, et al., Plaintiff, v TRI-STATE CONSTRUCTION LLC et al., Defendants, and VAIJ ASSOCIATES LLC, Proposed Defendant-Respondent. [853 NYS2d 299]—Order, Supreme Court, New York County (Charles E. Ramos, J.),

entered February 14, 2007, which, to the extent appealed from, denied plaintiff Nathanson's motion to amend the complaint to add Vaij Associates as a defendant, to consolidate this case with another pending matter, and to impose a constructive trust on the proposed new defendant, affirmed, without costs.

Nathanson failed to demonstrate merit to the proposed amendment (*Helene-Harrisson Corp. v Moneyline Networks*, 6 AD3d 151 [2004]). In light of our recent affirmance of the dismissal of the case with which Nathanson sought consolidation (*see Tri State Constr., LLC v Vaij Realty Assoc.*, 45 AD3d 328 [2007]), the contentions regarding this issue have been rendered academic. Were we to reach the issue, we would find that none of the elements required for imposition of a constructive trust have been established (*see Sharp v Kosmalski*, 40 NY2d 119 [1976]). Concur—Tom, J.P., Saxe, Friedman and Gonzalez, JJ.

McGuire, J., concurs in a separate memorandum as follows: The denial of that aspect of plaintiff's motion for a constructive trust on Vaij Associates (Vaij) has been rendered academic by our determination that plaintiff failed to demonstrate merit to that aspect of the motion seeking to amend the complaint to add Vaij as a defendant. Without a valid complaint against Vaij or anyone else, plaintiff's motion for a constructive trust on Vaij obviously has been rendered academic. Accordingly, this Court should not unnecessarily express an opinion on the merits of that aspect of the motion for a constructive trust (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713-714 [1980] [the mootness doctrine, "which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary"]). The contrary-to-fact construction with which the majority prefaces its "contingent observation" about the merits of that motion (*Bell v Miller*, 500 F3d 149, 155 [2d Cir 2007]) serves only to underscore the unnecessary character of that observation.