▬ ARTHUR R. POBLOCKI, Individually and as Administrator of the Estate of EILEEN M. POBLOCKI, Deceased, Plaintiff, and HEALTHNOW NEW YORK, INC., Intervenor-Respondent, v CARMEN TODORO, M.D., et al., Appellants. [865 NYS2d 448]—

Appeals from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered July 2, 2007 in a medical mal-

practice action. The order granted the motion of HealthNow New York, Inc. for permission to intervene.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, individually and as administrator of the estate of his wife (decedent), commenced this action seeking damages for the alleged medical malpractice of defendants in their diagnosis and treatment of decedent. We conclude that Supreme Court properly granted the motion of HealthNow New York, Inc. (HealthNow) seeking permission to intervene in the action pursuant to CPLR 1012 and 1013. HealthNow, decedent's insurer, moved to intervene on the ground that it had a contractual right of subrogation for the expenditures that it made for the medical care provided to decedent. Contrary to the contention of defendants Carmen Todoro, M.D. and/or Carmen Todoro, M.D., P.C. and OB-GYN Associates of Western New York, P.C. (collectively, Todoro defendants), the fact that HealthNow is barred from commencing its own action against them based on the statute of limitations does not preclude intervention inasmuch as HealthNow's claims relate back to the filing of plaintiff's complaint (see CPLR 203 [f]; *Omiatek v Marine Midland Bank, N.A.,* 9 AD3d 831 [2004], *appeal dismissed* 3 NY3d 738 [2004]; *Kaczmarski v Suddaby,* 9 AD3d 847 [2004], *appeal dismissed* 3 NY3d 738 [2004]). Contrary to the further contention of the Todoro defendants, CPLR 4545 (c) does not preclude a health insurer from seeking subrogation (see *Omiatek,* 9 AD3d at 832; *Kaczmarski,* 9 AD3d 847 [2004]).

We reject the contention of the Todoro defendants that HealthNow's motion was untimely and that they are unduly prejudiced by the delay. Although HealthNow did not seek to intervene until over four years from the time that it became aware of plaintiff's potential malpractice claims, we conclude that the court neither abused nor improvidently exercised its discretion in granting HealthNow's motion where, as here, the Todoro defendants will suffer no prejudice from the delay (*cf. Oparaji v Weston,* 293 AD2d 592, 593 [2002]; *Rectory Realty Assoc. v Town of Southampton,* 151 AD2d 737, 737-738 [1989]). HealthNow demands no additional discovery, and the Todoro defendants have already conducted discovery on the various medical expenses paid on behalf of decedent. Contrary to the final contention of the Todoro defendants, the intervention of HealthNow does not increase their liability inasmuch as the complaint sought unspecified damages for all "losses and damages as a result of the defendant[s'] negligence and malpractice." Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.