■ LANE ALTSCHULER, Respondent, v JOBMAN 478/480, LLC., Appellant. [22 NYS3d 427]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered January 18, 2013, which, to the extent appealed from as limited by the briefs, denied defendant landlord's motion for summary judgment dismissing plaintiff tenant's rent overcharge claim, and granted plaintiff's cross motion for summary judgment as to liability on that claim; order, same court and Justice, entered April 14, 2015, which, to the extent appealable, denied defendant's motion to renew the prior motions for summary judgment and plaintiff's motion for a so-ordered subpoena; order, same court (Geoffrey D. Wright, J.), entered June 8, 2015, which granted plaintiff's motion for summary judgment in the amount of $818,157.30 on his rent overcharge claim; and order, same court and Justice, entered August 20, 2015, which, among other things, directed the entry of judgment in plaintiff's favor in the amount of $876,619.10, plus interest, unanimously affirmed, with costs. Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 1, 2013, which, among other things, granted plaintiff's motion for a so-ordered subpoena directing the Division of Housing and Community Renewal (DHCR) to produce docu-

ments sufficient to determine the apartment's proper base rent, unanimously dismissed, without costs, as abandoned and moot.

Supreme Court correctly found that defendant improperly deregulated the apartment while it was receiving J-51 tax benefits, entitling plaintiff to rent-stabilized status for the duration of his tenancy and to collect any rent overcharges (*see 72A Realty Assoc. v Lucas*, 101 AD3d 401, 401-402 [1st Dept 2012]). We reject defendant's contention that it properly deregulated the apartment in reliance on a 1996 DHCR advisory opinion. The Court of Appeals rejected that opinion in *Roberts v Tishman Speyer Props., L.P.* (13 NY3d 270 [2009]). In any event, defendant failed to show that its deregulation of the apartment was proper under the advisory opinion, as the record indicates that the apartment was rent stabilized solely because of the receipt of J-51 tax benefits (*see id.* at 281). Defendant's arguments otherwise are improperly raised for the first time on appeal, and we decline to consider them (*see DiLeo v Blumberg*, 250 AD2d 364, 366 [1st Dept 1998]). As an alternative holding, we reject them on the merits.

Plaintiff claimed that defendant engaged in a "fraudulent scheme" to deregulate the apartment by increasing the 1995 rent of $422.04 to over $2,000 in subsequent years, executing market rent leases during a time it was receiving J-51 tax benefits, failing to provide him with a lease rider, and failing to file the required annual registrations with DHCR during his tenancy. Defendant failed to refute these allegations of fraud. Its argument that the apartment was deregulated because it was renovated in 1995 is unavailing, as it fails to support it with sufficient evidence. The affidavit of its lease administrator, stating that at least $6,296.14 of individual apartment capital improvements were performed prior to plaintiff's first lease, is insufficient, as it was unsupported by "bills from a contractor, an agreement or contract for work in the apartment, or records of payments for the [claimed improvements]" (*Lucas*, 101 AD3d at 402-403).

Because plaintiff established a colorable claim of fraud, Supreme Court properly disregarded the rent charged four years prior to the filing of the rent overcharge claim, and properly examined the entire rent history to determine the legality of the base rent (*see Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin.*, 15 NY3d 358, 366 [2010]). Further, the application of DHCR's default formula was warranted, given the unreliability of the rental history since 1995, due to defendant's failure to file a number of the annual rent registrations prior to the commence-

ment of this action (*see Levinson v 390 W. End Assoc., L.L.C.,* 22 AD3d 397, 400-401 [1st Dept 2005]).

Supreme Court properly imposed a rent freeze on the apartment, since defendant collected the unlawful rent overcharges before filing late rent registrations (*see Matter of Hargrove v Division of Hous. & Community Renewal,* 244 AD2d 241 [1st Dept 1997]). Supreme Court also properly awarded treble damages, because defendant failed to establish, by a preponderance of the evidence, that the overcharge was not willful (*id.*).

A trial is not required, as there are no undisputed facts or unresolved issues (*see Adria Realty Inv. Assoc. v New York State Div. of Hous. & Community Renewal,* 270 AD2d 46 [1st Dept 2000]).

To the extent the issue has not been abandoned on appeal (*see McHale v Anthony,* 41 AD3d 265, 266-267 [1st Dept 2007]), Supreme Court properly denied defendant's motion to renew, since defendant did not provide a reasonable justification for its failure to present the new affidavit on the earlier motions (*see* CPLR 2221 [e] [3]; *Whalen v New York City Dept. of Envtl. Protection,* 89 AD3d 416, 417 [1st Dept 2011]).

Defendant's appeal from the order granting plaintiff's motion for a so-ordered subpoena is deemed abandoned, as defendant failed to raise any arguments on appeal with respect that order (*see McHale,* 41 AD3d at 266-267). Alternatively, the appeal has been rendered moot by DHCR's subsequent submission of the requested documents to plaintiff (*see Nathanson v Tri-State Constr. LLC,* 48 AD3d 373, 374 [1st Dept 2008]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Acosta, J.P., Andrias, Manzanet-Daniels and Kapnick, JJ.