Matter of Correction Officers' Benevolent Assn. v New York City Dept. of Corr. (2018 NY Slip Op 00522)





Matter of Correction Officers' Benevolent Assn. v New York City Dept. of Corr.


2018 NY Slip Op 00522


Decided on January 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2018

Friedman, J.P., Gische, Mazzarelli, Kern, Singh, JJ.


5554 100697/15

[*1]In re Correction Officers' Benevolent Association, et al., Petitioners-Appellants,
v
New York City Department of Correction, et al., Respondents-Respondents.


Koehler & Isaacs LLP, New York (Howard Wien of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Ingrid R. Gustafson of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Margaret A. Chan, J.), entered April 29, 2016, denying the petition to compel respondents, pursuant to the Freedom of Information Law (FOIL), to produce all information pertaining to respondent New York City Department of Correction's (DOC) decision not to promote the individual petitioners from Correction Officer to Correction Captain, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioners have abandoned any challenge to Supreme Court's determination that the claims of three of the individual petitioners have been mooted by their intervening promotion to Correction Captain, as petitioners failed to discuss the issue in their appellate briefs (see Hardwick v Auriemma, 116 AD3d 465, 468 [1st Dept 2014], lv denied 23 NY3d 908 [2014]; McHale v Anthony, 41 AD3d 265, 266-267 [1st Dept 2007]).
Respondents met their burden of "articulating a particularized and specific justification for denying access" to the requested documents (Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462-463 [2007] [internal quotation marks omitted]) on the grounds that they are exempt from disclosure as nonfinal intra-agency materials that "are entirely advisory in nature and rendered only to aid the actual decision-maker[s]" (Rothenberg v City Univ. of N.Y., 191 AD2d 195, 196 [1st Dept 1993], lv denied 81 NY2d 710 [1993]; see Public Officers Law § 87[2][g][iii]; Matter of Thomas v New York City Dept. of Educ., 137 AD3d 698, 698 [1st Dept 2016]).
Petitioners' argument that the requested documents are effectively the final documents because there are no later documents providing reasons for the failures to promote, other than the conclusory notification letters that the candidates were passed over, is unavailing. Respondents explain that, while the decision makers, including the Chief of Department who was the primary orchestrator, considered the requested documents in determining whom to promote, no documents exist encapsulating the final decision, other than the notice to petitioners. There is no statutory basis to look beyond respondents' representation. Nor does FOIL require agencies "to formulate a final determination where none exists" (Kheel v Ravitch, 93 AD2d 422, 430 [1st Dept 1983], affd 62 NY2d 1 [1984]).
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2018
CLERK