Kreisler v B-U Realty Corp. (2018 NY Slip Op 06054)





Kreisler v B-U Realty Corp.


2018 NY Slip Op 06054


Decided on September 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 13, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Mazzarelli, Moulton, JJ.


6876 161021/14

[*1]Stuart Kreisler, et al., Plaintiffs-Respondents,
v
B-U Realty Corp., et al., Defendants-Appellants.


Sidrane & Schwartz-Sidrane, LLP, Rockville Centre (Arun Perinbasekar of counsel), for appellants.
Ephron-Mandel & Howard, LLP, New York (Damon P. Howard of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered May 12, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment to declare that defendants engaged in a fraudulent scheme to remove plaintiff's apartment from rent regulation; directed the Special Referee to calculate the legal regulated rent by using the default formula set forth in 9 NYCRR § 2522.6; and denied defendants' cross motion to dismiss the complaint under CPLR 3211(a)(2), unanimously affirmed, with costs.
Supreme Court properly declined to dismiss on subject matter jurisdiction grounds. Where, as here, a landlord has engaged in fraud in initially setting the rent or removing an apartment from rent regulation, the court may examine the rental history for an apartment (see Altschuler v Jobman 478/480, LLC., 135 AD3d 439, 440 [1st Dept 2016], lv denied 29 NY3d 903 [2017]) and, moreover, may do so beyond the statutory period allowed by CPLR 213-a (Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 366-367 [2010]). Moreover, defendants' arguments regarding the legality of the initial rent ring hollow in light of their repeated admissions, in the course of the proceedings below, that the initial rent was wrong.
The court also properly retained jurisdiction over the rent overcharge issues rather than referring these to DHCR, given that legal issues remain open, including the willfulness of defendants' rent overcharges (Dugan v London Terrace Gardens, L.P., 101 AD3d 648 [1st Dept 2012]).
The record reflects evidence of a fraudulent scheme to deregulate plaintiffs' apartment, as well as other apartments in the building, including evidence of defendants' failure, while in receipt of J-51 tax benefits, to notify plaintiffs their apartment was protected by rent stabilization laws or to issue them a rent-stabilized lease, and further reflects that defendants only addressed the issue when their conduct, which violated Roberts v Tishman Speyer Props. L.P. (13 NY3d 270 [2009]), came to light in connection with an anonymous complaint, which in turn triggered the involvement of an Assemblyman in 2014.
We reject defendants' asserted reliance on a "pre-Roberts" framework to justify their actions, given that the wrongdoing here occurred in 2010, after Roberts was decided. Moreover, and notwithstanding defendants' arguments to the contrary, we find the evidence of other litigations by plaintiffs' co-tenants against defendants alleging the same or similar misconduct relevant and probative of a fraudulent scheme to deregulate (see e.g. Pascaud v B-U Realty Corp., 2017 NY Slip Op 31482[U] [Sup Ct, NY County 2017]).
In turn, we find defendants have not shown that Supreme Court erred in directing the Special Referee to use the default formula of 9 NYCRR § 2522.6(b)(2) to determine plaintiffs' [*2]base rent, on the theory that such rent was the product of a fraudulent scheme to deregulate the apartment.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 13, 2018
CLERK