Matter of Canandaigua Natl. Bank & Trust Co. (2025 NY Slip Op 05389)

Matter of Canandaigua Natl. Bank & Trust Co.

2025 NY Slip Op 05389

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND KEANE, JJ.

680 CA 24-00869

[*1]IN THE MATTER OF THE CANANDAIGUA NATIONAL BANK AND TRUST COMPANY, AS SUCCESSOR CO-TRUSTEE OF RESIDUARY TRUST UNDER WILL OF ALLEN EBER DATED OCTOBER 27, 1969, PETITIONER-RESPONDENT;  DAVID EBER, APPELLANT; WENDY EBER, EBER BROS. & CO., INC., DANIEL KLEEBERG, AUDREY HAYS AND LISA STEIN, RESPONDENTS. 

HODGSON RUSS LLP, ROCHESTER (ERIC J. WARD OF COUNSEL), FOR APPELLANT.
WOODS OVIATT GILMAN LLP, ROCHESTER (DONALD W. O'BRIEN, JR., OF COUNSEL), FOR PETITIONER-RESPONDENT. 
NIXON PEABODY LLP, ROCHESTER (RICHARD A. MCGUIRK OF COUNSEL), FOR RESPONDENT WENDY EBER. 
BROOK & ASSOCIATES, PLLC, NEW YORK CITY (BRIAN C. BROOK OF COUNSEL), FOR RESPONDENTS EBER BROS. & CO., INC., DANIEL KLEEBERG, AUDREY HAYS AND LISA STEIN. 

 Appeal from an order of the Surrogate's Court, Monroe County (Michael L. Dollinger, A.S.), entered April 24, 2024, in a proceeding to terminate a trust. The order denied the motion of David Eber to intervene and to vacate a prior order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner, Canandaigua National Bank and Trust Company (CNB), as the successor co-trustee of the residuary trust under the will of Allen Eber (decedent), commenced this accounting proceeding pursuant to Surrogate's Court Procedure Act article 22 in March 2017 to terminate the trust. In June 2017, Surrogate's Court issued a final order of judicial settlement on the account discharging the trustees and terminating the trust (2017 Order). Appellant, David Eber (David), now appeals from a subsequent 2024 order denying his motion to intervene and to vacate the 2017 Order. We affirm.
The subject trust was created upon decedent's death in 1970 to hold and administer the controlling stock of respondent Eber Bros. & Co., Inc. (Eber Bros.), including its subsidiaries (collectively, Eber Bros. entities), for the benefit of decedent's three children—Sally, Mildred and Lester. By its terms, the trust would terminate upon the death of all three children or the sale of substantially all of its stock. Mildred passed away in 1973, upon which her share of the trust passed automatically to her daughter, respondent Audrey Hays (Audrey). Sally passed away in 2014, upon which her share of the trust passed automatically to her two children, respondents Daniel Kleeberg (Daniel) and Lisa Stein (Lisa).
Through a series of transactions beginning in 2010, Lester and his daughter, respondent Wendy Eber (Wendy), improperly transferred substantially all of the trust's assets to separate entities owned or controlled by Lester. David, Lester's son, was not involved in those transactions. In December 2016, Daniel, Lisa and Audrey commenced a federal action in the Southern District of New York against, inter alia, Lester, Wendy and Eber Bros., seeking damages and equitable relief for Lester's alleged fraudulent self-dealing.
In February 2017, CNB commenced the instant proceeding for a final accounting terminating the trust on the basis that the Eber Bros. entities stock had only nominal value. The proceeding named the trust's four income beneficiaries—Lester, Daniel, Lisa and Audrey, as well as CNB's co-trustee—as respondents, but did not name the trust's contingent income beneficiaries, Wendy and David. There were no objections to the special proceeding, and on June 1, 2017, the Surrogate issued the 2017 Order terminating the trust.
Lester passed away in April 2020. The federal action continued and, on March 25, 2021, Daniel, Lisa and Audrey were awarded partial summary judgment on liability against Lester's estate. Following the damages trial, the Federal District Court issued a final judgment on April 7, 2023 that, inter alia: voided the transactions Lester and Wendy had undertaken with respect to the Eber Bros. entities; directed CNB to distribute one third of the Eber Bros. entities stock to Audrey, one third to Lester's estate, one sixth to Daniel and one sixth to Lisa; directed Lester's estate to repay $15,409,197.62 to the Eber Bros. entities; and directed Wendy to repay $3,864,143.11 to the Eber Bros. entities. Daniel then took over the operations of the active Eber Bros. subsidiary, and Wendy and Lester's estate settled the judgment against them by, inter alia, transferring the Eber Bros. entities stock that CNB was directed to distribute to Lester's estate to Audrey, Daniel and Lisa.
On December 1, 2023, David filed a motion by order to show cause in this proceeding seeking, inter alia, to intervene as a necessary party pursuant to CPLR 1012 and, thereafter, to vacate the 2017 Order pursuant to CPLR 5015 (a) (3) or (4). Daniel, Lisa, Audrey, CNB and Wendy opposed the motion on, inter alia, the ground that the motion was not timely. As noted, the Surrogate denied the motion, and David now appeals. We affirm.
In order for a nonparty to be entitled to relief under a motion to vacate an order or judgment issued in an action pursuant to CPLR 5015 (a) (3) or (4), it must first be granted leave to intervene in that action, either as of right pursuant to CPLR 1012, or by permission pursuant to CPLR 1013 (see generally U.S. Bank N.A. v Tait, 234 AD3d 889, 890 [2d Dept 2025]; Bank of Am., N.A. v Moore, 224 AD3d 727, 728 [2d Dept 2024]; NYCTL 1996-1 Trust v King, 304 AD2d 629, 631 [2d Dept 2003], lv dismissed 100 NY2d 614 [2003]). "Intervention under CPLR 1012 and 1013 requires a timely motion" (T & V Constr. Corp. v Pratti, 72 AD3d 1065, 1066 [2d Dept 2010]; see CPLR 1012 [a]; 1013; Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201 [1st Dept 2010]), and the determination whether the motion is timely lies within the discretion of the trial court (see Resetarits Constr. Corp. v Norfolk S. Ry. Co., 229 AD3d 1362, 1363 [4th Dept 2024]; Poblocki v Todoro, 55 AD3d 1346, 1347 [4th Dept 2008]). "In examining the timeliness of [a] motion [to intervene], courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party" (Yuppie Puppy Pet Prods., Inc., 77 AD3d at 201; see Jones v Town of Carroll, 158 AD3d 1325, 1328 [4th Dept 2018], lv dismissed 31 NY3d 1064 [2018]). "Another factor is the extent of the time lag between the making of the motion and the proposed intervenor's acquisition of knowledge of the circumstances upon which the motion for leave to intervene is based" (U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749, 750 [2d Dept 2020]; see Genzler v JPMorgan Chase Bank, N.A., 228 AD3d 838, 840 [2d Dept 2024], lv dismissed in part & denied in part 43 NY3d 984 [2025]).
Here, David was informed of the 2017 Order by counsel for Daniel, Lisa and Audrey no later than August 2020, and he was further aware that significant assets from the trust had been improperly transferred by Lester and Wendy no later than March 2021, when the Federal District Court granted that part of the motion of Daniel, Lisa and Audrey for partial summary judgment on liability against Lester's estate. Nonetheless, David did not seek to intervene in this proceeding until December 2023, after the federal action was finally concluded. During the period of David's delay, Daniel, Lisa and Audrey expended significant time and resources in pursuing litigation and settlement, and the final resolution of the federal action. The relief sought by David would potentially unwind those years of litigation and, further, vitiate the settlement, which included significant stock transfers and tax payments. Under these facts, we conclude that the Surrogate did not abuse his discretion in denying David's motion as untimely (see Wilmington Sav. Fund Socy., FSB v Smalls, 228 AD3d 705, 706-707 [2d Dept 2024]; Federal Natl. Mtge. Assn. v Thomas, 209 AD3d 841, 843 [2d Dept 2022]; U.S. Bank N.A. v Nakash, 195 AD3d 651, 655 [2d Dept 2021]; cf. Jones, 158 AD3d at 1328).
In light of our determination, we do not address David's remaining contentions.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court